(No. 2181— ▆▆▆▆▆▆▆)

PERCY WOLFF, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 13, 1939.*

*Rehearing denied October 10, 1939.*

THOMAS A. MURPHY, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This claim was filed on May 25, 1933, and avers that the claimant was a State police officer and employed by the Division of Highways of the Department of Public Works and Buildings; that on December 1, 1928, while in the performance of his duties, and while pursuing a coupe bearing no

State license, and proceeding in an easterly direction on the south side of the road, he was struck by a Buick which ran headon into the claimant, and he received the following injuries: Broken skull; a contusion of the brain; broken left hand in or near the wrist; broken left leg between the thigh and the knee and also between the knee and the ankle, and several broken bones in the left leg; the bone between the knee and ankle of the right leg was split, the socket of the knee joint being torn out and several bones in the right foot were badly bruised, some of which were subsequently removed; and the dislocation of the right joint or socket of the jaw bone; injuries to the right eye and ear and various external and internal bruises and injuries.

Following this injury, on May 14, 1931, this court made an award to this claimant, and found that while in the performance of his duties he was struck by an automobile, and as a result of the collision he suffered certain injuries mentioned in the opinion, and found that the injuries necessitated his being kept in a hospital for 166 days, where he received the services of nurses and physicians. The court further found that 14 X-rays of his injuries were taken and that he was furnished with a walking appliance before leaving the hospital, and that his medical, nurse and hospital bills aggregated the sum of $4,024.79, of which the State has paid $1,472.85, leaving a balance of $2,551.94, for which he was asking an award. The court found that one of the medical bills was $135.00 more than it should be, and deducted this amount from the amount claimed and made an award in the sum of $2,416.94. This was Claim No. 1717, and is reported in 6 C. C. R. 566.

This court held on a motion to reinstate the claim that the rule of res adjudicata would apply and said: "This is not a harsh rule, particularly in this case, because it appears from the records of the Division of Highways, Department of Public Works and Buildings, that the claimant actually received $175.00 per month from December 1, 1928, the date of his injuries to February 13, 1933, and then continued on the State payroll at a salary of $100.00 per month from then until April 17, 1933." The motion to reinstate was denied. See 8 C. C. R. 8.

The opinion which was filed on May 14, 1931, found that the claimant had been in the hospital for 166 days. It will

thus be seen that he was released from the hospital on or about May 15, 1929. The complaint in this case charges that he was incapacitated from pursuing his regular employment as such police officer until October 1, 1931, on which date he returned to duty. This court, in its opinion in Volume 8 C. C. R. 8, found that he had been regularly paid $175.00 per month from December 1, 1928, to February 13, 1933, and from February 13, 1933, to April 17, 1933, he received $100.00 per month, or approximately the sum of $9,000.00.

The petition filed, on which the award of May 14, 1931, for the payment of hospital bills, doctor bills and nurses' bills was based, contained the following paragraph:

"That as a result of his injuries your claimant has been unable to pursue his duties or to do any work alone since the date of the accident and is not now able to perform any work, but he does not at this time desire to make claim for any temporary total disability, or partial permanent disability, or permanent disability, or for specific loss, and will not do so unless his recovery is not as complete as it now appears to be."

This petition was addressed to the January session, 1930, of this court and was not filed for more than a year after petitioner received his injury.

Claimant in this cause avers that he returned to his work on October 1, 1931, and was employed until he was laid off in the month of January, 1933. Claimant did not file this claim until May 25, 1933, almost five years after the accident.

Claimant received, as this court found, compensation at $175.00 per month from December 1, 1928, to February 13, 1933, and then continued at $100.00 per month until April 17, 1933. This is much more than provided for by statute. He returned to his employment on October 1, 1931; and a period of one year, seven months and twenty-five days elapsed from the time he filed his claim and the time he again commenced work. Section 24 of the Workmen's Compensation Act provides that no proceedings for compensation under the Act shall be maintained unless application for compensation is filed within one year after the date of the injury or within one year after the date of the last payment of compensation, and that thereafter the right to make application for compensation is barred. Construing the last payment of compensation as having been made on September 30, 1931, this applica-

tion was not made for one year, seven months and twenty-five days thereafter.

We must, therefore, hold that this court has no jurisdiction to enter the petition or to grant an award. The cause is, therefore, dismissed for want of jurisdiction.